Argued and submitted December 12, 1983, affirmed in part, reversed in part and remanded May 9, 1984

# GILBERT A. DEVAUX,
*Appellant,*

*v.*

# STATE OF OREGON et al,
*Respondents.*

(135,704; CA A27839)

681 P2d 156

Ronald J. Knox, Salem, argued the cause for appellant. With him on the brief was Paulus & Callaghan, Salem.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff appeals the dismissal of his amended complaint for unlawful discrimination in employment under ORS 659.425(1), which proscribes discrimination against the handicapped.[1] The issue is whether he has alleged ultimate facts sufficient to constitute a claim. ORCP 21A. There are two counts.

Count I alleges in pertinent part:

"III

"Plaintiff is an overweight person with high blood pressure and diabetes.

"IV

"* * * [P]laintiff applied for the steward position [at Oregon State Correctional Institution] and was interviewed by defendant * * *.

"V

"Plaintiff was fully qualified for the position * * *.

"VI

"During the interview process [defendant] made extensive inquiries into plaintiff's medical and military record regarding his overweight condition, high blood pressure, and diabetes. Plaintiff assured [defendant] that these conditions would not prevent him from doing his job.

"* * * * *

"VIII

"Although plaintiff explained that his physical condition would not interfere with his performance, [defendant] refused to hire plaintiff for the job because of plaintiff's record of being overweight, having high blood pressure and diabetes. [Defendant] subsequently hired someone with less training, experience and qualifications * * *."

Count II incorporates the allegations above and adds:

"XIII

"Although plaintiff explained to defendant that his condition would not impair his performance, [defendant] refused to

---

[1] ORS 659.121 authorizes a civil action to seek redress of a violation of ORS 659.425(1).

hire plaintiff for the job because he regarded plaintiff as having an impairment that would prevent him from being employed."

Count I is based on ORS 659.425(1)(b), and Count II is based on ORS 659.425(1)(c), which provide in part:

"(1)  * * * [I]t is an unlawful employment practice for any employer to refuse to hire * * * because:

"* * * * *

"(b)  An individual has a record of a physical or mental impairment; or

"(c)  An individual is regarded as having a physical or mental impairment."

The precise question is whether the amended complaint alleges a "physical impairment." The pertinent definitions are set forth in ORS 659.400:

"(2)  'Handicapped person' means a person who has a physical or mental impairment which substantially limits one or more major life activities, has a record of such an impairment or is regarded as having such an impairment.

"(3)  As used in subsection (2) of this section:

"(a)  'Major life activity' includes, but is not limited to self-care, ambulation, communication, transportation, education, socialization, employment and ability to acquire, rent or maintain property.

"(b)  'Has a *record* of *such* an impairment' means has a history of, or has been misclassified as having such an impairment.

"(c)  'Is *regarded* as having an impairment' means that the individual:

"(A)  Has a physical or mental impairment that does not substantially limit major life activities but is treated by an employer or supervisor as having such a limitation;

"(B)  Has a physical or mental impairment that substantially limits major life activities only as a result of the attitude of others toward such impairment; or

"(C)  Has no physical or mental impairment but is treated by an employer or supervisor as having an impairment." (Emphasis supplied.)

ORS 659.425(1)(b) and (c) do not require that an individual have a present or an actual impairment which

substantially limits a major life activity. Under ORS 659.425(1)(b), an individual must have a "record" of a physical or mental impairment. ORS 659.400(3)(b) defines "record of such an impairment" with reference to the definition of handicapped person and incorporates the requirement in ORS 659.400(2) that a person have an impairment which substantially limits a major life activity. Therefore, to allege a claim under ORS 659.425(1)(b), a plaintiff must allege a record (*i.e.,* a history) of an impairment that substantially limits a major life activity. Plaintiff has not alleged that record in Count I. He has alleged that he has a record of being overweight, high blood pressure and diabetes. He has not alleged that those physical conditions substantially limit a major life activity. ORS 659.400(2) and (3)(b). Count I was properly stricken.

Count II does track the pertinent statutory language, ORS 659.425(1)(c) and ORS 659.400(3)(c), in alleging that defendant "regarded plaintiff as having an impairment that would prevent him from being employed." "Employment" is a "major life activity" under ORS 659.400(3)(a). As a pure pleading matter, Count II states a cause of action under ORS 659.425(1)(c), and it was error to dismiss it.[2]

Affirmed in part; reversed in part; and remanded.

---

[2] Plaintiff alleged an entitlement to special damages for "Loss of Wages and Benefits." The state argues that, "because an award of special damages would be beyond the circuit court's dispositional authority under ORS 659.121(1), the prayer for relief should be stricken." Because the state did not challenge the request for relief in the trial court, we will not consider it on appeal.